UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STRIKE 3 HOLDINGS, LLC,

      Plaintiff,

v.

JOHN DOE subscriber assigned IP address 67.174.19.33,

      Defendant.
_____/

Case No.: 5:25-cv-00143-RBD-PRL

**ORDER**

      This matter is before the Court on Defendant's motion to quash the subpoena Plaintiff issued to Defendant's Internet Service Provider (ISP). (Doc. 10). Rule 45(d)(3)(A) provides, in part, that upon timely motion, the court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3). *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-2930-VMC-SPF, 2023 WL 3092628, at *2 (M.D. Fla. April 26, 2023). Here, Defendant has cited no valid basis under Rule 45(d)(3)(A) to quash the subpoena served upon the ISP.

      As an initial matter, because Defendant is not the recipient of the subpoena, Defendant only has standing to challenge the subpoena if a "personal right or privilege" was at issue. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted). Here, the Court granted Plaintiff leave to serve Defendant's ISP

with a subpoena to obtain the name, physical address, telephone number, and e-mail address of the subscriber's IP address (Doc. 9 at 2). Regardless of Defendant's allegations, an individual has no protected privacy interest in his name and address when there is an allegation of copyright infringement. *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-2930-VMC-SPF, 2023 WL 3092628, at *2 (M.D. Fla. April 26, 2023) (collecting cases). Moreover, Defendant's argument that the subpoena imposes an undue burden is unavailing because the burden of complying with the subpoena is on the third-party, ISP, and not Defendant.

Next, Defendant objects to the subpoena by denying the allegations that he infringed copyrighted materials. This argument, however, improperly shifts the focus from whether a plaintiff can state a claim for relief to whether a plaintiff will ultimately be able to prove each fact alleged in the complaint. *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-2930-VMC-SPF, 2023 WL 3092628, at *2 (M.D. Fla. April 26, 2023) (collecting cases). And, courts have held that a "general denial of liability is not a basis for quashing a subpoena which would prevent the plaintiff from obtaining the putative Defendants' identifying information." *Malibu Media, LLC v. Does 1-13*, No. 2:12-cv-177-FtM-29SPC, 2012 WL 12921321, at *1 (M.D. Fla. June 6, 2012).

Finally, Defendant's objection to the discovery of his identity has largely been mooted by the inclusion of his name and address in the motion to quash and supporting affidavit. In Plaintiff's response, Plaintiff proposes that the Court seal or strike those filings to shield the information. The Court agrees that Plaintiff's request is reasonable and should be **granted.** The Clerk is directed to seal the contents of the motion to quash (Doc. 10) and affidavit (Doc. 11), pending further order of the Court. In addition, the Clerk shall remove from the docket the name and address of Defendant. For the reasons discussed above, Defendant's motion to quash (Doc. 10) is **denied**.

DONE AND ORDERED on April 29, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge